THE STATE OF OHIO, APPELLEE, *v.*
MARINCHEK, APPELLANT.

(No. 1200—Decided March 16, 1983.)

*Mr. Gregory W. Happ,* prosecuting attorney, for appellee.

*Mr. Eric D. Ritz* and *Mr. Robert G. Schultz, Jr.,* for appellant.

MAHONEY, P.J. This is an appeal from a conviction and sentence for the nonprobationable offense of trafficking in LSD in violation of R.C. 2925.03(A)(5). The defendant-appellant, Richard Marinchek, contends the trial judge denied him his constitutional right to counsel of his choice, and denied him due process of law by escalating his sentencing date to prevent the filing of a motion to withdraw his plea and thus deprived him of his right to a fair trial. We agree in part and reverse.

On August 11, 1982, Marinchek, while represented by retained counsel, entered a plea bargain with the state under which he pled no contest to one count of aggravated trafficking, and the state, *inter alia,* dismissed the remaining counts of the indictment. The trial court scrupulously adhered to Crim. R. 11. In the colloquy, Marinchek clearly admitted that he had committed the crime charged. He expressed satisfaction with counsel and acknowledged he was aware that he faced three years of actual incarceration less time off for good behavior. The court continued the matter for a presentence report and the case was thereafter scheduled for sentencing on September 13, 1982.

The transcript of proceedings reveals that on August 30, Marinchek discharged his retained counsel (John T. Jeandrevin and Arlene B. Huber) and obtained new counsel (Robert G. Schultz, Jr., and Eric D. Ritz). Jeandrevin promptly notified the trial judge by letter of the discharge. The next day, apparently after receiving the letter, Jeandrevin stated that the court "* * * advised me orally yesterday that under [Local] Rule 10 he thought that I could not withdraw from the case until he discharged me by order, and asked me to file a motion and attach a judgment [entry] * * *."

On the morning of September 1, Marinchek was called to the probation office. Upon his arrival he was escorted to the trial judge's courtroom where he was met by Jeandrevin and Huber. The judge advised the defendant and counsel that he had received the pre-sentence report dated August 31, and ordered the attorneys to proceed with allocution. Jeandrevin moved for a continuance of the sentencing until September 13, the date it was originally set for, and also for an order discharging him and Huber as counsel. The court replied:

"* * * Motion's overruled. This Court controls whether or not counsel will be permitted to leave the case or not. See Local Rule 10.

"Proceed with allocution, please. * * *"

The attorneys reluctantly proceeded after additional prodding by the trial court's comments that they might be delaying to allow the arrival of Ritz. After allocution and the defendant's statement on his own behalf, the court proceeded to impose the minimum sentence provided by the law and in accord with the plea bargain.

The judge then permitted counsel to enter the following in the record with their exceptions.

"MR. JEANDREVIN: We would like to stipulate for the record in this matter that we had no prior notice of this sentencing hearing today until we were peremptorily called by the Court to appear this morning.

"Therefore, we were totally unprepared and found ourselves in a position of being required to go forward by the Court —

"MRS. HUBER: I was home on vacation time.

"* * *

"MR. JEANDREVIN: * * * The Court had been notified in writing by counsel, John Jeandrevin, and orally, that Jeandrevin and Huber had been discharged as counsel of record.

"* * *

"The Court advised me orally yesterday that under Rule 10 he thought that I could not withdraw from the case until he discharged me by order, and asked me to file a motion and attach a judgment [entry] to that. I did prepare that motion yesterday.

"I obtained my approval on it and the Attorney Ritz's approval on it. It [sic] was seeking the approval of Assistant Prosecutor Kovach, and this morning was called to the Court [sic] * * *."

The judge then responded:

"* * * Let the record further show that this man and Arlene Huber are still counsel of record. This Court has received no application for withdrawal as counsel of record, and they remain as of this time counsel of record, and this Court has not approved, pursuant to Local Rule 10, any withdrawal.

"And furthermore, sentencing can take place at the time of change of plea, and will be the modus operandi of this Court henceforth. We will not have presentence investigations. They will go directly to jail, not pass go. * * *"

Local Rule 10 provides:

"Only Attorneys of Record shall be considered as representatives of any parties in a case. Withdrawal of such counsel shall be only upon application with Judgment Entry of Approval by the Court made seasonable [sic] before trial, and, where possible, the name of the Successor Attorney shall be included in the Judgment Entry. Upon allowance of withdrawal by the Court, such withdrawing counsel shall serve a copy of said Judgment Entry on the client, together with a letter, copy of which shall be deposited with the Clerk of Court."

DR 2-110 of the Code of Professional Responsibility in part provides:

"(B) Mandatory withdrawal.

"A lawyer representing a client before a tribunal, with its permission if required by its rules, shall withdraw from employment, and a lawyer representing a client in other matters shall withdraw from employment, if:

"* * *

"(4) He is discharged by his client. * * *"

On September 9, the newly retained counsel (Ritz) filed a motion to withdraw the no contest plea and for a new trial and filed an affidavit of prejudice against the trial judge. No action was had on the motions, and, on September 30, Ritz filed a notice of appeal and a stipulation withdrawing the affidavit of prejudice. The record does not reveal any action taken on these motions.

The right to counsel guaranteed by the Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution does not always mean counsel of one's own choosing. The right to counsel must be tempered by the public's right to a prompt, orderly and efficient administration of justice. Attorneys cannot be shed at every stage of the proceeding so as to impede that orderly administration. On the other hand, there is a right to discharge counsel because of the personal nature of the ser-

vices being performed. Thus, it is the trial court's duty to balance the defendant's right to counsel of his preferential choosing against the public interest in the administration of justice. Annotation, 73 A.L.R. 3d 725, at 731-732.

Here, there would have been ample time for the court to have granted the withdrawal and considered the motions filed by the newly retained counsel without impeding the administration of justice. There was no urgent need to advance the case for sentencing. Its effect was to preclude the opportunity for the submission of the withdrawal motion entry and the motion for withdrawal of the plea. We hold the trial court abused its discretion in refusing to conduct a hearing on the oral motion to withdraw as counsel especially after its acceleration of the cause for sentencing. Marinchek had a right to have an application made for withdrawal of the attorneys he had discharged and a hearing thereon. The trial court is required to make all reasonable efforts to insure that a defendant financially able to retain an attorney of his own choosing may be represented by that attorney. We hold that the action of the trial court abridged the defendant's right to counsel, denying him a fair hearing. (See *Thurston* v. *Maxwell* [1965], 3 Ohio St. 2d 92 [32 O.O.2d 63].)

Accordingly, we sustain the first and third assignments of error and overrule the second. We also recognize that it was plain error to advance the cause for hearing so as to preclude any motion to withdraw the plea before sentencing.

We hereby reverse and vacate the sentence of the court, and remand this cause for a hearing on the motions of retained counsel Jeandrevin and Huber to withdraw and for further proceedings thereafter as provided by law.

*Judgment reversed and cause remanded.*

BAIRD and GEORGE, JJ., concur.