OPINION
On September 25, 1996, appellant, Lloyd Justice, was arrested and charged with one count of domestic violence in violation of R.C. 2919.25. Said charge arose from an altercation between appellant and his daughter, Melissa Justice.
On September 26, 1996, appellant was arraigned and appointed counsel, Attorney Jerrold Schwarz. A jury trial was set for January 28, 1997. On said date, Mr. Schwarz informed the trial court appellant had filed a complaint with the Supreme Court Disciplinary Council against the presiding judge, and requested a continuance. The trial was rescheduled to March 25, 1997 before another judge.
On February 13, 1997, Mr. Schwarz requested leave to withdraw as counsel. The trial court granted the request and appointed Attorney Curt Griffith to represent appellant.
On March 24, 1997, a hearing was held regarding appellant's desire to discharge Mr. Griffith and obtain another continuance. The trial court denied the continuance and found appellant knowingly, intelligently and voluntarily waived his right to counsel.
A jury trial commenced on March 25, 1997. The jury found appellant guilty as charged. By journal entry filed March 27, 1997, the trial court sentenced appellant to one hundred eighty days in jail, one hundred twenty days suspended, and imposed a five hundred dollar fine plus court costs. Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN FAILING TO ORDER COURT APPOINTED COUNSEL TO ACT AS CO-COUNSEL AS REQUESTED BY APPELLANT.
II
 THE TRIAL COURT ERRED IN FAILING TO MAKE A SUFFICIENT INQUIRY TO DETERMINE THAT APPELLANT FULLY UNDERSTOOD AND INTELLIGENTLY RELINQUISHED HIS RIGHT TO COUNSEL.
III
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO GRANT APPELLANT A CONTINUANCE BASED UPON APPELLANT'S MEDICAL CONDITION AT THE TIME OF TRIAL.
 I, II
Appellant claims the trial court erred in denying him the right to have his court appointed counsel act as co-counsel, and in failing to inform him of the possible penalties during the waiver of counsel inquiry. We agree in part.
Appellant requested the trial court to permit his court appointed counsel to act as co-counsel:
 THE COURT: I'd already checked on that, but I appreciate your input. Uh, by your silence, uh, Mr. Griffith will be your attorney, if that's your choice.
(Pause)
 DEFENDANT: Well, it'll have to be under my arrangement of co-counsel.
THE COURT: No. He, uh, he will be your attorney.
DEFENDANT: Well, then he won't be.
 THE COURT: Okay. You, you are discharging with, Mr. Griffith as your attorney?
 DEFENDANT: (Inaudible) As I stated, I want to make on record that I could not (inaudible) will.
THE COURT: Okay.
 DEFENDANT: (Inaudible) reviewed later by the powers that be.
March 24, 1997 T. at 8.
Prior to this request, the trial court had inquired of appellant of his decision to proceed pro se:
 THE COURT: Well, it's the Court's position that if, uh, Mr. Justice wishes you to represent him that it will not allow you to withdraw at this point in time. If Mr. Justice knowingly waives his right to, uh, counsel, and intelligently, then he has that right. We're not going to force an attorney upon you. do you wish, uh, Mr. Justice, do you wish to proceed by yourself or do you wish to have Mr. Griffith represent you?
 DEFENDANT: That's, uh, frankly a decision that, there again, I, I don't feel good about making simply because I don't feel good about going on by my own and I don't feel good about (inaudible) with me. So, you've placed me in a position to make some serious decisions here, uh, if you were in a divorce court right now, (inaudible) decisions wouldn't be allowed to do that, you know, based upon (inaudible) before you. So, I would like for you to just simply, uh, you know, there's, there's not, there's no one in danger here, uh, there's no one that doesn't show up for court, there's no time criteria that I have not waived. I've been strongly wondering why it is so critical that tomorrow must be the day. Uh, obviously this afternoon speaks for itself, people have time on their hands (inaudible). And so we (inaudible) another time and uh, at that time, maybe I can be (inaudible) to hire Mr. Berens, or the Court can then reassign him and see if he'll accept that, that arrangement.
 THE COURT: It's just this simple, unless, uh, you, uh, indicate that you do not want Mr. Griffith to represent you and you wish to proceed as your own counsel, then he will be your attorney tomorrow. So, you can, if you don't make a decision, then, uh, he will continue to be your attorney.
 Id. at 6-7.
From the quality of the transcript, we are unable to discern appellant's answer. As the record illustrates, appellant proceeded pro se for the entire trial. When the trial court advised appellant of his rights in order to determine if appellant's waiver of counsel was voluntary and knowingly given, the trial court failed to advise appellant of the possible penalties pursuant to State v. Gibson (1976), 45 Ohio St.2d 366, syllabus:
 1. The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so. Faretta v. California (1975), ___ U.S. ___, 42 L.Ed.2d 562.
 2. In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right.
The Gibson court, in dicta at 376-377 quoting from Von Moltkev. Gillies (1948), 332 U.S. 708, 723, adopted the rule that a voluntary and knowingly waiver must include a discussion of the applicable penalties:
 ` "* * * This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused." To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. * * *'
Based upon the quality of the transcript noted supra and the lack of a discussion on the possible penalties, we find appellant's waiver of counsel was not voluntary or knowingly given.
The trial court's decision that appellant could not pick and choose the role of his court appointed counsel nor negotiate a fee reduction on a guilty finding was not error. We note while an accused has a right to counsel, he does not have the right to counsel of his own choosing. State v. Marinchek (1983), 9 Ohio App.3d 22;State v. Haberek (1988), 47 Ohio App.3d 35.
Assignment of Error I is denied. Assignment of Error II is granted.
 III
Based upon our decision in Assignment of Error II, this assignment of error is moot.
The judgment of the Lancaster Municipal Court of Fairfield County, Ohio is hereby reversed and remanded.
By Farmer, P.J. Gwin, J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 97 CA 00027
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Lancaster Municipal Court of Fairfield County, Ohio is reversed and remanded to said court for further proceedings consistent with this opinion.