On March 20, 1998, the Fairfield County Grand Jury indicted appellant, Steven William Wagner, on one count of abduction in violation of R.C. 2905.02 and two counts of felonious assault in violation of R.C. 2903.11. Said charges arose from an incident involving appellant's live-in girlfiend, Debra Castle.
A jury trial commenced on June 2, 1998. During voir dire, appellant requested new counsel and a continuance. The trial court denied both requests. The jury found appellant guilty of abduction (Count 1) and one count of felonious assault (Count 2), and guilty of the lesser included offense of assault as to Count 3. By judgment entry filed June 12, 1998, the trial court sentenced appellant to a total aggregate term of ten years in prison.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 PLAIN ERROR OF THE PROSECUTOR AND TRIAL COURT MISDIRECTED THE JURY HEREIN, RESULTING IN AN IMPROPER VERDICT.
II
 APPELLANT'S TRIAL COUNSEL PROVIDED INEFFECTIVE AND DEFICIENT ASSISTANCE AT TRIAL IN VIOLATION OF APPELLANT'S SIXTH AMENDMENT RIGHT.
III
 CONDUCT BY THE PROSECUTOR UNFAIRLY PREJUDICED THE APPELLANT'S RIGHT TO PROVE A LEGITIMATE DEFENSE OF INTOXICATION.
IV
 APPELLANT'S CONVICTIONS ARE NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
V
 UNDER THE FACTS OF THIS CASE, IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO REFUSE TO CONTINUE THE TRIAL AND APPOINT NEW COUNSEL.
 I
Appellant claims the indictment contained a completely superfluous element to the felonious assault charge (Count 2) to wit: committed against a "family or household member," and the prosecutor misspoke and misled the jury. We disagree.
As appellant concedes, this assignment must be reviewed under the plain error doctrine as no challenge or objection was raised at trial. State v. Maurer (1984), 15 Ohio St.3d 239;State v. Williams (1977), 51 Ohio St.2d 112. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91.
By indictment filed March 20, 1998, appellant was charged with one count of abduction in violation of R.C. 2905.02, and two counts of felonious assault as follows:
 SECOND COUNT: On or about the 7th day of March, 1998, in the City of Lancaster, County of Fairfield and State of Ohio, one STEVEN WILLIAM WAGNER unlawfully, did, knowingly cause serious physical harm to a family or household member, to-wit: D.K.C., in violation of Section 2903.11 of the Ohio Revised Code.
 THIRD COUNT: On or about the 7th day of March, 1998, in the City of Lancaster, County of Fairfield and State of Ohio, one STEVEN WILLIAM WAGNER unlawfully, did, knowingly cause or attempt to cause physical harm to a family or household member, to-wit: D.K.C., by means of a deadly weapon, to-wit: a black-handled butcher knife with a blade length of approximately ten inches, in violation of Section 2903.11 of the Ohio Revised Code.
Apellant claims the following comment by the prosecutor in opening statement was a misstatement:
 The distinction there is that you can commit the crime of felonious assault by knowingly causing serious physical harm to someone, or you can commit the crime of felonious assault by knowingly causing or attempting to cause physical harm — now, not serious physical harm, but physical harm to someone by means of a deadly weapon.
T. at 38.
The jury found appellant guilty of Counts 1 and 2 and guilty of the lesser included offense of assault as to Count 3. Clearly the jury verdict negates appellant's argument that the jury was misled by the language of Counts 2 and 3 and any prosecutorial misstatement.
The state justifies the inclusion of "family or household member" by citing to subsection (D) of the domestic violence statute, R.C. 2919.25, which states as follows:
 (D) Whoever violates this section is guilty of domestic violence. A violation of division (C) of this section is a misdemeanor of the fourth degree. A violation of division (A) or (B) of this section is a misdemeanor of the first degree. If the offender previously has been convicted of domestic violence or a violation of section 2903.11, 2903.12, 2903.13, 2903.211 [2903.21.1], or 2911.211 [2911.21.1] of the Revised Code involving a person who was a family or household member at the time of the violation, a violation of division (A) or (B) of this section is a felony of the fifth degree and a violation of division (C) of this section is a misdemeanor of the third degree.
The state's argument is that any subsequent offenses of domestic violence could be enhanced to a felony of the fifth degree based upon the conviction sub judice. This proposition is not subject to review at this time.
The state also argues the addition of an element to an offense, in this case "family or household member," is hardly error because it increases the state's burden. We are persuaded by this argument and find no prejudice resulting to appellant with the inclusion of the complained of language. It was clearly established on the record that appellant and Ms. Castle had a live-in boyfriend/girlfriend relationship. T. at 46-47.
Assignment of Error I is denied.
 II
Appellant claims he was denied the effective assistance of trial counsel. We disagree.
Appellant claims his trial counsel was deficient in failing to move to suppress his statement to police, in pursuing and ineffectively trying an intoxication/black-out defense, and in failing to develop an alternative defense.
The standard this case must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied 110 S.Ct. 3258. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition.
2) [P]rejudice arises from counsel's performance.
Appellant must further establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668,696. This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight. State v. Post
(1987), 32 Ohio St.3d 380, 388.
Appellant claims his counsel should have moved to suppress his statement to police because said statement was not voluntary and prejudiced his intoxication/black-out defense.
Officer John Brian Fisher of the Lancaster Police Department testified appellant was fully advised of his "Miranda" rights and at no time during the statement did appellant appear to be inebriated. T. at 242-244. Appellant's speech was coherent and he responded appropriately to questions. T. at 244-245. Given the testimony presented at trial, we find the failure to file a motion to suppress did not prejudice the outcome of the trial.[1]
Appellant claims his counsel ineffectively pursued his defense by using the intoxication/black-out defense and not self-defense given his own wound. Appellant sustained a cut to his leg that Ms. Castle cleaned up. T. at 51-52.[2]
Ms. Castle sustained bruising to her face and leg, cuts on her hands, teeth marks on her arm, and was taunted with a knife. T. at 50-52, 57. Presented in evidence were graphic photographs of Ms. Castle's injuries (State's Exhibits 1, 2, 5, 10, 11, 13).
Appellant testified that prior to the incident, he drank a pint of vodka, took Zoloft, a prescription medication for depression, and smoked marijuana. T. at 338-340. Appellant testified he had no memory of the incident. T. at 341-342.
The evidence presented of Ms. Castle's injuries and appellant's own testimony would lead only to an intoxication/black-out defense. To argue that self-defense should have been presented when there was no evidence to substantiate the theory would have clearly been error. We find appellant's counsel strategically pursued a defense consistent with the evidence presented. There is no showing of any deficiency by trial counsel.
Assignment of Error II is denied.
 III
Appellant claims the prosecutor's remarks from voir dire to closing argument unfairly prejudiced his case. We disagree.
The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990),51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Darden v. Wainwright (1986), 477 U.S. 168. We have been continually reminded by the Supreme Court of Ohio a trial is similar to an arena of combat where our adversarial system generates both tension and turmoil during trial, Statev. Stephens (1970), 224 Ohio St.2d 76, and where trials cannot be "squeezed dry of all feeling." State v. Keenen (1993),66 Ohio St.3d 402, 409. It is conceded the prosecutor may "strike hard blows, but [the prosecutor] is not at liberty to strike foul ones." Burger v. United States (1935), 295 U.S. 78, 88.
No objections were made to the complained of comments therefore, this assignment must be reviewed under the plain error doctrine cited supra.
The complained of comments are as follows:
 Now, during the jury selection, I asked all of you as a panel if any of you thought there was a legitimate excuse for domestic violence. With the exception of self-defense, you all stated that there is no legitimate excuse for this type of violence inside the home.
 Now, this Defendant is attempting to have you believe that his alcohol in-take excuse is legitimate, that his 'I don't remember' excuse is legitimate. Don't let him do that.
T. at 377-378.
The prosecutor also stated "[l]adies and gentleman of the jury, it infuriates me when people do not take responsibility for their actions. And it should infuriate you." T. at 391.
We agree personal remarks are generally inappropriate and personal opinions by the prosecuting attorney are inappropriate. However, upon review, we fail to find the complained of remarks to constitute plain error. The thrust of the defense was the lack of "knowledge," an element of the offense of felonious assault. The defense argued intoxication/black-out and recklessness. Based upon the tenor of the arguments and the trial court's instructions on the use of counsels' statements and arguments (T. at 397), we find no manifest miscarriage of justice.
Assignment of Error III is denied.
 IV
Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Ms. Castle testified to the attack and her subsequent injuries. T. at 50-52, 57; State's Exhibits 1, 2, 5, 10, 11, 13. Ms. Castle's treating physician, Kevin Bowman, M.D., testified to Ms. Castle's condition and injuries, and the extent of her temporary substantial pain, incapacity and disfigurement. T. at 178-180, 185-186. A neighbor, John Wolfe, Jr., testified to observing Ms. Castle running from appellant and appellant catching her and dragging her back into the house. T. at 150.
The defense consisted of appellant's alcoholic problem and his own testimony that he did not remember anything that happened in the house during the incident. T. at 331-336, 341-342.
Upon review, we find there was unrefuted evidence in the record of appellant's abduction and violent assault of Ms. Castle. Sufficient evidence was presented, if believed, to support appellant's convictions.
Assignment of Error IV is denied.
 V
Appellant claims the trial court erred in denying his request for new counsel continuance the day of trial. We disagree.
The granting of a continuance lies in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
During voir dire, appellant's counsel informed the trial court that appellant was dissatisfied with him and wished to discharge him and have new counsel appointed. Excerpt T. at 5, 8. Thereafter, the trial court questioned appellant as follows:
 THE COURT: * * * The issue is, what is it that you're saying that Mr. Wood has not done that you feel you're not being adequately represented?
 THE DEFENDANT. Just too negative. Nothing I've talked to him about the case has been just negative, nothing positive. And he's telling me we can't win And I don't believe that. And with the right counselor or somebody that maybe would want to take more interest in this case. But as far as — I feel like I'm not — I feel that I'm not be represented quite — I don't know what word I want to use.
Excerpt T. at 9.
Appellant stated he would waive his right to a speedy trial in order to have new counsel appointed. Excerpt T. at 10. The trial court found appellant's reasons to be insufficient given defense counsel's extensive participation in pretrials, conferences and discovery. Excerpt T. at 11. We concur with the trial court. While an accused has a right to counsel, he/she does not have the right to counsel of his/her own choosing.State v. Marinchek (1983), 9 Ohio App.3d 22; State v. Haberek
(1988), 47 Ohio App.3d 35. The trial court did not abuse its discretion in denying appellant's requests.
Assignment of Error V is denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and, Edwards, J. concur.
---------------------------
---------------------------
---------------------------
JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] Prior to trial, defense counsel informed the trial court that appellant had instructed him not to file a motion to suppress and delay the trial. T. at 17.
[2] Appellant evidently stabbed himself with the knife when Ms. Castle made a defense move. T. at 51-52.