OPINION
Gary Lavern Anderson appeals from his conviction in the Montgomery County Common Pleas Court of trafficking in marijuana (prior conviction).
On May 26, 1996, Anderson was charged by indictment with one count of aggravated trafficking in marijuana three times the bulk amount with a prior offense in violation of R.C. 2925.03. Jimmie Christon was appointed counsel for appellant. On September 12, 1996, Christon moved to suppress evidence gained as a result of an alleged illegal arrest, search and seizure. On November 22, 1996, the trial court sustained Anderson's motion. The State filed an appeal, and on January 9, 1998, this Court reversed the trial court's decision and remanded the case for further proceedings.State v. Anderson (Jan. 9, 1998), Mont. App. No. 16263, unreported.
On July 13, 1998, Christon filed a motion to substitute counsel, and Matthew Arntz was appointed to replace him. Arntz filed a motion to suppress appellant's statements to police on November 3, 1998. On November 17, 1998, the trial court overruled Anderson's motion finding that he was properly notified of his rights and had voluntarily waived them. On February 1, 1999, Arntz withdrew as counsel and Charles Smiley was appointed. On May 14, 1999, Smiley filed a motion to suppress evidence asking the trial court to reconsider its previous ruling. The motion was overruled.
On January 24, 2000, Anderson entered a plea of no contest to the charged offense. On February 22, 2000, Anderson was sentenced to 2 — 15 years of incarceration, and on February 24, 2000, appellant filed a timely notice of appeal. On March 23, 2000, appellant filed a motion to withdraw his plea with the trial court which was overruled., Appellant contends in his first assignment of error that his no contest plea was involuntarily entered because he informed the trial court before he entered his plea that he wanted to "change lawyers." (Brief, at page 11).
The following occurred in open court on the day the defendant entered his guilty plea:
 JUDGE HALL: Well, let — let me explain a couple of things to you. First of all, I'm not gonna go ahead and have you change Counsel again.
MR. ANDERSON: No.
 JUDGE HALL: I'm not gonna grant that. Mr. Smiley is a respected attorney. He knows what he's doing. He represents people all the time in similar cases and, therefore, I'm not at the last minute going to grant you a new lawyer.
 MR. ANDERSON: No, I was gonna do the case myself, Your Honor, and just have a lawyer, uh . . . to assist me in doin' it. But this is, uh . . . — you know, like I said, I don't wanna, uh . . .
 JUDGE HALL: You're saying now that you don't want to do that; you're willing to enter a plea?
MR. ANDERSON: At — at — if, uh . . .
JUDGE HALL: How old are you?
MR. ANDERSON: I'm forty-eight years old, Your Honor.
 JUDGE HALL: And if you've been researching, apparently you're able to read; is that right?
MR. ANDERSON: Yes, I can read.
 JUDGE HALL: Are you under the influence of any drug, alcohol, or medication?
MR. ANDERSON: No, I'm not.
 JUDGE HALL: Do you have any physical or mental problems that would prevent you from understanding what's happening here today?
MR. ANDERSON: No, I don't, Your Honor. No, I don't.
 JUDGE HALL: Do you intend to enter a plea voluntarily of your own free will?
MR. ANDERSON: Yes, I am.
 JUDGE HALL: Has anyone threatened or forced you to enter a plea today?
MR. ANDERSON: No, they haven't, Your Honor.
 MR. SMILEY: Judge, I need to — if you put — with the Court's permission?
JUDGE HALL: Yes.
 MR. SMILEY: There have considerable discussions that Mr. Anderson and I have had over the last months and, uh . . . — and I know that I have recommended to him that he take this plea. And I have expressed to him a number of reasons why in terms of walking him through a trial as I would see it in terms of important issues, non-important issues, critical issues, uh . . . his own background, et cetera.
I'd like the Court to be certain that although he and I have talked about it, and I have said fairly strongly that my beliefs about a trial outcome, that that is not a reason for him to take the plea. I stand ready to go to trial, uh . . . when and if the Court says: "Do it," whether it's tomorrow, next week, or as the case may be. And I think Mr. Anderson may disagree with that and I — that's why I bring that up. If he thinks that I am not ready about that, I say differently.
But I'd like the Court to have that knowledge and then put that in determining that he`s not feeling bullied by me into taking a plea. I — I don't want that. I don't . . .
JUDGE HALL: Is that . . .
MR. SMILEY: . . . want any . . .
JUDGE HALL: . . . correct, Mr. . . .
MR. SMILEY: . . .qualms. . .
JUDGE HALL: . . . Anderson? Do you understand what he's saying?
MR. ANDERSON: Yes, sir, I understand.
MR. SMILEY: I don't do . . .
MR. ANDERSON: That's correct, Your Honor.
 MR. SMILEY: . . . that to clients, and I — I stand ready to give my hundred and fifty percent at a defense in trial according to the best of my ability if that's what he wants. But it is my recommendation — but I don't wanna be bullied — I don't wanna bully him into it. I want . . .
JUDGE HALL: And are you . . .
MR. SMILEY: . . . him willing . . .
 JUDGE HALL: . . . that — therefore, I'll ask you again: Are you doing this of your own free will?
 MR. ANDERSON: Yes, I am. I'm not doin' it on no — I'm doin' it on my free will; it's my free will. (Tr. pp. 14-17).
The record demonstrates that the defendant's guilty plea was a voluntary decision on his part after the trial court indicated it would not appoint new counsel for him. The trial court certainly did not abuse its discretion in refusing to appoint new counsel. The defendant was seeking to dismiss his third lawyer in the case. He was unable to articulate why he believed Charles Smiley should be removed as his lawyer. The trial court noted that Mr. Smiley was an experienced criminal lawyer and Mr. Smiley indicated to the court he was well prepared to try the matter if the defendant desired a trial. Finally, the defendant indicated he was pleading no contest "of his own free will" after learning of the trial court's decision.
In State v. Deal (1969), 17 Ohio St.2d 17, the Court held that where a defendant questions the effectiveness of assigned counsel during the course of the trial, the trial judge must inquire into the defendant's complaint and make such inquiry part of the record. Deal, supra, at syllabus.
"To discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." State v. Coleman (1988), 37 Ohio St.3d 286, paragraph four of the syllabus; see also State v. Pruitt
(1984), 18 Ohio App.3d 50, 57, (In order to warrant substitution of appointed counsel, an indigent "must show good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict, which leads to an apparently unjust verdict"). If the trial judge finds that the complaint is unjustified, he may require the trial to proceed with assigned counsel. Deal, supra. A trial court's decision regarding a request for new counsel is governed by an abuse of discretion standard. Coleman, supra, at 292.
The appellant's first assignment of error is overruled., Appellant asserts in his second assignment that his trial counsel was ineffective when he permitted him to enter the no contest plea when he knew the defendant wanted to dismiss him. We agree with the State of Ohio that this assignment is without merit. "The right of an accused to select his own counsel is inherent only in those cases where the accused is employing the counsel himself." Thurston v.Maxwell (1965), 3 Ohio St.2d 92, 93. "The right to counsel must be tempered by the public's right to a prompt, orderly and efficient administration of justice." State v. Marincheck (1983),9 Ohio App.3d 22, 23. In this case, the defendant sought to remove his third lawyer on the eve of trial after several continuances had been granted. The defendant's counsel indicated he was prepared to try the case and the defendant offered no convincing reason why his lawyer should be dismissed. Trial counsel certainly was not ineffective for permitting his client to enter a no contest plea after the trial court refused to permit the defendant to discharge him. The assignment is overruled.
 ______________________ BROGAN, J.
GRADY, P.J., and WOLFF, J., concur.