OPINION
{¶ 1} On April 29, 1996, the Morrow County Grand Jury indicted appellant, Robert Gallagher, on one count of aggravated felonious assault in violation of R.C. 2903.11, three counts of aggravated rape in violation of R.C. 2907.02, one count of attempted murder in violation of R.C. 2903.02, one count of aggravated abduction in violation of R.C.2905.02 and one count of aggravated kidnapping in violation of R.C.2905.01. Said charges arose from an incident involving Carol Porter.
 {¶ 2} On January 21, 1997, appellant pled guilty to aggravated felonious assault in the second degree and one count of aggravated rape in the first degree. The remaining counts were dismissed. By journal entry filed January 24, 1997, the trial court sentenced appellant to a total aggregate term of eighteen to forty years in prison. A hearing to consider the probation department's recommendations was held on February 21, 1997. By journal entry filed February 24, 1997, the trial court modified appellant's sentence to a total aggregate term of fourteen to forty years in prison.
 {¶ 3} On February 1, 2000, appellee, the State of Ohio, filed a motion for a hearing to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. On March 14, 2000, appellant filed a motion to reopen and reconsider his sentence. A hearing was held on December 3, 2001. By judgment entry filed same date, the trial court classified appellant as a "sexual predator." By journal entry filed December 11, 2001, the trial court sentenced appellant to a total aggregate term of fourteen to twenty-five years in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN ADJUDICATING MR. GALLAGHER A SEXUAL PREDATOR BECAUSE THE COURT DID NOT COMPLY WITH THE TIMING REQUIREMENTS FOR THE SEXUAL PREDATOR HEARING AS SET FORTH IN R.C.2950.09(C)(1), IN VIOLATION OF MR. GALLAGHER'S RIGHT TO DUE PROCESS."
 II {¶ 6} "THE TRIAL COURT ERRED IN HOLDING A SEXUAL PREDATOR HEARING IN THE ABSENCE OF AN AFFIRMATIVE RECOMMENDATION TO DO SO BY THE OHIO DEPARTMENT OF REHABILTATION AND CORRECTION AS REQUIRED UNDER R.C.2950.09(C)(1), IN VIOLATION OF MR. GALLAGHER'S RIGHT TO DUE PROCESS."
 III {¶ 7} "THE TRIAL COURT ERRED IN ADJUDICATING MR. GALLAGHER A SEXUAL PREDATOR BECAUSE THE CLASSIFICATION WAS BASED ON EVIDENCE INSUFFICIENT, AS A MATTER OF LAW, TO SUPPORT THE DESIGNATION."
 {¶ 8} Appellant filed a supplemental brief and assigned the following errors:
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR I {¶ 9} "THE TRIAL COURT ERRED BY DENYING MR. GALLAGHER'S MOTION TO WITHDRAW HIS PLEA MADE BEFORE SENTENCING IN VIOLATION OF MR. GALLAGHER'S RIGHT TO DUE PROCESS."
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR II {¶ 10} "THE TRIAL COURT ERRED BY ACCEPTING MR. GALLAGHER'S GUILTY PLEA WHEN MR. GALLAGHER STATED ON THE RECORD THAT HE WAS UNDER THE INFLUENCE OF PRESCRIPTION MEDICATION DURING THE CRIM.R. 11 PLEA COLLOQUY, WITHOUT FIRST HOLDING A HEARING TO EVALUATE MR. GALLAGHER'S CONDITION IN VIOLATION OF MR. GALLAGHER'S RIGHT TO DUE PROCESS."
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR III {¶ 11} "MR. GALLAGHER RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR IV {¶ 12} "THE TRIAL COURT ERRED BY SENTENCING MR. GALLAGHER ON BOTH RAPE AND FELONIOUS ASSAULT WITHOUT FIRST DETERMINING THAT THESE OFFENSES WERE NOT ALLIED OFFENSES OF SIMILAR IMPORT, IN VIOLATION OF MR. GALLAGHER'S RIGHT TO DUE PROCESS."
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR V {¶ 13} "MR. GALLAGHER WAS PREJUDICED BY THE TRIAL COURT'S FAILURE TO NOTIFY THE FIRST ATTORNEY WHO WAS APPOINTED TO REPRESENT HIM ON APPEAL IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW."
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR VI {¶ 14} "THE TRIAL COURT ERRED BY VIOLATING MR. GALLAGHER'S PLEA AGREEMENT."
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR VII {¶ 15} "THE TRIAL COURT ERRED BY DENYING MR. GALLAGHER HIS RIGHT TO ALLOCUTION."
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR VIII {¶ 16} "THE TRIAL COURT JUDGE ERRED IN FAILING TO RECUSE HIMSELF FROM MR. GALLAGHER'S CASE."
 I, II {¶ 17} Appellant claims the trial court did not comply with the timing requirements for the classification hearing as set forth in then R.C. 2950.09(B)(1), now R.C. 2950.09(B)(2), and did not have a recommendation from the Ohio Department of Rehabilitation and Correction to hold such hearing under then R.C. 2950.09(C)(1). We disagree.
 {¶ 18} Appellant was originally sentenced on January 24, 1997, but by agreement, he was resentenced on December 11, 2001 in order to preserve his right to appeal. See, Petitioner's Waiver of Appearance for Resentencing filed February 2, 2001 and Judgment Entry filed March 30, 2001.[1]
 {¶ 19} R.C. 2950.09(B)(1) explicitly stated a classification hearing shall be conducted prior to sentencing or during the sentencing hearing if the offense is a felony. By successfully arguing to void his original sentence for purposes of appeal, appellant placed himself at the sentencing phase thereby turning back the clock and rendering his claim of untimeliness moot.
 {¶ 20} Appellant also argues because he had been incarcerated since his original sentencing, the trial court was without authority to hold a classification hearing for failure to comply with the provisions of then R.C. 2950.09(C)(1) which stated as follows:
 {¶ 21} "If a person was convicted of or pleaded guilty to a sexually oriented offense prior to the effective date of this section, if the person was not sentenced for the offense on or after the effective date of this section, and if, on or after the effective date of this section, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. In making a determination under this division as to whether to recommend that the offender be adjudicated as being a sexual predator, the department shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section. If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender * * *." (Emphasis added.)
 {¶ 22} The provisions of this statute are written in the conjunctive therefore, the provisions regarding the recommendation from the department of rehabilitation and correction are inapplicable sub judice. Appellant pled guilty to the charges after the effective date of this statute (January 1, 1997) and therefore the conditions precedent do not apply.
 {¶ 23} Assignments of Error I and II are denied.
 III {¶ 24} Appellant claims the evidence was insufficient to support the trial court's sexual predator determination. We disagree.
 {¶ 25} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
 {¶ 26} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 27} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 28} "(a) The offender's or delinquent child's age;
 {¶ 29} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 30} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 31} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 32} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 33} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 34} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 35} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 36} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 37} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 38} It is undisputed that appellant was convicted of a sexually oriented offense, rape, and felonious assault. The incident was summarized at the plea hearing as follows:
 {¶ 39} " * * * Take the Court back in time to April 18th of 1996. At that time the Defendant, Mr. Gallagher, was living at least in part in Wilmington, Ohio with Carol Porter he met earlier last year. And they had this arrangement where they were living together, had been living together for approximately a month and a half up until that time. They had an argument that evening, the nature of which I can't really say for sure because I wasn't there, but my understanding of that was that the Defendant was scheduled to go to work and that he wanted to use her car and she refused and he said he wasn't going to work and she said, Well, if you're not going to work then you're going to have to move out and so she said, I'll just take you back to your home. They packed up his clothing and they headed down the interstate to Morrow County. When they did arrive here in Morrow County at his home, which is a mobile home on County Road 114, they started to unload his clothing and other items of personal property onto the porch, it was dark. He had no electricity at that time, no water hook-up to the trailer and/or at least running at that time. And the Defendant stabbed Ms. Porter in the neck. The wound was deep enough that it did leave a puncture hole in the larynx or the windpipe for which she had to subsequently undergo surgery and possibly a second surgery coming up. He then forced her into the trailer, into the living room area where there was a bed and forced her to take off her clothes, in fact, he cut off her bra and proceeded to force her to have sexual, perform certain sexual acts. She tried to get away, he dragged her back in. On one occasion the sex acts were fellatio initially and anal intercourse, vaginal intercourse. She was able to talk him into driving back to her home in Wilmington. When they, in fact, she did drive he gave her, a, since there was no water apparently he gave her a rag that had been doused in kerosene which further kind of caused pain to her at this area where she was stabbed. It also resulted in some stabbing of her hands, there's some cuts on her hands where she tried to defend herself when he had this knife to her throat or attempting to stab her in the stomach area. The result was, Your Honor, that as I mentioned she had to undergo surgery. She was able to get back to Wilmington, once he got out of the car, she did jump back in and locked the doors and took off and got to the Sheriff's Department and was life-flighted from Clinton County Hospital to Miami Valley Hospital where the surgery took place." January 21, 1997 T. at 31-34.
 {¶ 40} It is clear the victim, age fifty, and appellant, age fifty-one, were involved in a relationship and the incident was predicated by an argument and appellant's alcohol abuse. As noted by the trial court, appellant has never been convicted of a sexually oriented offense, but has "a very significant criminal history" starting in his late teens and continuing into his fifties, i.e. burglary, escape, battery, domestic violence, assault. December 3, 2001 T. at 146. Appellant's criminal history "reflect his inability to refrain from the use of violence and alcohol to solve his problems." Id. Further, "during the entire period of incarceration the Defendant has not received or pursued either substance abuse treatment or sex offender treatment." Id. at 147, 149.
 {¶ 41} We find the trial court's consideration to be inappropriate given the specific procedural nature of this hearing. The only specific factor enumerated by the trial court apart from appellant's alcohol abuse and convictions for violent offenses was the cruelty of the attack. Id. at 150.
 {¶ 42} The trial court summarized the factors leading to its decision to classify appellant as a sexual predator as follows:
 {¶ 43} "Since past behavior is an important indicator of future propensity and because of the reprehensible nature of the actions, the Defendant's untreated substance abuse dependence, the additional behavioral characteristics and the scientific evidence to a reasonable degree of psychological certainty that there is a 7.6 percent and 11.2 percent likelihood of recidivism, it is likely to the extent of clear and convincing evidence that the Defendant is a recidivist who may likely engage in the future in one or more sexually oriented offenses." Id. at 153.
 {¶ 44} Despite the fact this case involved a single incident of a sexual nature and the parties were in a girlfriend/boyfriend relationship, we find the trial court enumerated sufficient credible evidence to establish appellant was likely to re-offend based upon his uncontrollable violent tendencies and should be classified as a sexual predator.
 {¶ 45} Upon review of the record, we find the trial court's conclusion is supported by competent, credible evidence and is not against the manifest weight of the evidence.
 {¶ 46} Assignment of Error III is denied.
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR I {¶ 47} Appellant claims the trial court erred in denying him the right to withdraw his guilty plea prior to sentencing in 1997. We disagree.
 {¶ 48} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. State v. Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 49} The record of the plea and sentencing hearing (January 21, 1997) does not establish a request to withdraw appellant's plea. Appellant filed a motion on February 7, 1997 to dismiss said plea agreement because at the time of his plea, he was unstable "for he is on so many medicines." This motion was filed after the January 21, 1997 hearing, but prior to the February 21, 1997 hearing wherein the trial court considered the probation department's recommendations. The trial court denied this motion. See, Journal Entry filed February 24, 1997. During the plea, appellant stated he did not believe the medication he was under clouded his "mental processes in so as to interfere" with his thinking ability. January 21, 1997 T. at 15-16. There is a complete transcript of the January 21, 1997 hearing, but no transcript of the February 21, 1997.
 {¶ 50} Appellant now argues the plea agreement was not followed. Appellant argues the sentences under the plea agreement were to be served concurrently, but the trial court ordered the sentences to be served consecutively. The record establishes the trial court informed appellant of the possible sentences, including the possibility of concurrent/consecutive sentences. Id. at 18, 22. Defense counsel informed appellant "he might receive a consecutive sentence as opposed to concurrent sentence." Id. at 9. The prosecutor recommended "that the Defendant be sentenced to maximum consecutive sentences but that there be a modification of that at a later time." Id. at 20, 38-39.
 {¶ 51} Upon review, we find no evidence that the plea agreement was not followed.
 {¶ 52} Appellant Gallagher's Assignment of Error I is denied.
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR II {¶ 53} Appellant claims the trial court erred in accepting his guilty plea without first conducting a hearing to evaluate appellant's condition as a result of medications he was on during the Crim.R. 11 colloquy. We disagree.
 {¶ 54} As stated in the previous assignment of error, appellant stated he did not believe the medication he was under clouded his mental processes or interfered with his thinking ability. Id. at 15-16. The trial court engaged in a thirty-eight page dialogue with appellant and even placed him under oath. Id. at 13. Although the trial court did not inquire on the nature of appellant's medication, the trial court had the opportunity to speak with appellant over an extensive period of time and observe his reactions to questions and answers.
 {¶ 55} Upon review, we find the colloquy between the trial court and appellant was sufficient to support the trial court's decision the guilty plea was voluntary.
 {¶ 56} Appellant Gallagher's Assignment of Error II is denied.
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR III {¶ 57} Appellant claims he was denied the effective assistance of trial counsel for his counsel's failure to argue the pled to counts were offenses of similar import and failure to move to withdraw his plea. Appellant also complained of his trial counsel's performance during the plea hearing. We disagree.
 {¶ 58} The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 59} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 60} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 61} We note while an accused has a right to counsel, he does not have the right to counsel of his own choosing. State v. Marinchek
(1983), 9 Ohio App.3d 22; State v. Haberek (1988), 47 Ohio App.3d 35.
 {¶ 62} During the plea hearing, appellant claimed his attorney was no F. Lee Bailey, but declined to comment further. January 21, 1997 T. at 15.[2] The record does not contain any reasons for the statement. Appellant was given an opportunity to respond or explain his comment, but he declined to do so. Id.
 {¶ 63} Upon review, we find the record does not support this claim.
 {¶ 64} Appellant argues his trial counsel should have argued the counts of felonious assault and rape were allied offenses of similar import.
 {¶ 65} R.C. 2941.25(A) governs multiple counts and states as follows:
 {¶ 66} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."
 {¶ 67} In Newark v. Vazirani (1990), 48 Ohio St.3d 81, syllabus, the Supreme Court of Ohio set forth a two-tiered test to determine whether two or more crimes are allied offenses of similar import:
 {¶ 68} "Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. (State v. Blankenship
[1988], 38 Ohio St.3d 116, 177, 526 N.E.2d 816, 817, approved and followed.)"
 {¶ 69} The elements of felonious assault are set forth in R.C.2903.11 and are as follows:
 {¶ 70} "(A) No person shall knowingly do either of the following:
 {¶ 71} "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 72} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 73} Rape is defined in R.C. 2907.02(A)(2) as "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 74} We concur with our brethren from the First, Second, Third and Tenth Districts that the crimes of rape and felonious assault are not allied offenses of similar import. See, State v. Jones (1992),83 Ohio App.3d 723; State v. Hay (December 19, 2000), Union App. No. 14-2000-24; State v. Parker (May 24, 1990), Franklin App. No. 89AP-1217;State v. Burke (May 29, 1985), Hamilton App. No. C-840526. Rape need not involve a deadly weapon and felonious assault need not involve sexual conduct.
 {¶ 75} Lastly, appellant argues his trial counsel should have moved to withdraw his plea. As stated in Appellant Gallagher's Assignment of Error I, a motion to dismiss the plea agreement based upon appellant's instability due to medication use was filed after his plea, but prior to the trial court's consideration of the probation department's recommendations. Appellant admitted during the plea hearing the medications were not clouding his thinking ability. January 21, 1997 T. at 15-16. As for the argument regarding the concurrent/consecutive sentence, a motion to withdraw his plea would have been futile given appellant's knowledge of the possibility of a consecutive sentence. Id. at 9, 18, 20, 22, 38-39.
 {¶ 76} Appellant Gallagher's Assignment of Error III is denied.
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR IV {¶ 77} Appellant claims the trial court erred in sentencing him on both counts without first determining the crimes were not allied offenses of similar import. We disagree.
 {¶ 78} We have addressed this issue in the previous assignment of error and found the crimes of felonious assault and rape are not allied offenses of similar import. This assignment is moot.
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR V {¶ 79} Appellant claims the trial court erred in failing to notify his first appointed counsel for appeal of the appointment. We find this assignment of error to be moot because of the procedural history of this case. Appellant was resentenced on December 11, 2001 to preserve his right to appeal.
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR VI {¶ 80} Appellant claims the trial court erred in sentencing him contrary to the plea agreement. We disagree.
 {¶ 81} As discussed in Appellant Gallagher's Assignment of Error I, the prosecutor recommended "that the Defendant be sentenced to maximum consecutive sentences but that there be a modification of that at a later time." Id. at 20, 38-39. While the prosecutor did allude to mitigating factors that might cause for a lesser sentence, there is no record of the February 21, 1997 hearing wherein the trial court considered the probation department's recommendations.
 {¶ 82} Upon review, we fail to find any violation of the plea agreement in the record.
 {¶ 83} Appellant Gallagher's Assignment of Error VI is denied.
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR VII {¶ 84} Appellant claims the trial court violated his right to speak at his resentencing hearing on December 3, 2001 pursuant to Crim.R. 32(A)(1). We disagree.
 {¶ 85} Defense counsel informed the trial court that appellant wished to speak. December 3, 2001 T. at 154. The trial court afforded him that right. Id. at 154-158.
 {¶ 86} Appellant Gallagher's Assignment of Error VII is denied.
 APPELLANT GALLAGHER'S ASSIGNMENT OF ERROR VIII {¶ 87} Appellant claims because he has sued the elected officials of Morrow County, the trial court should have recused himself. We disagree.
 {¶ 88} From the withdrawal of the sentence onward, the trial court was the Honorable Robert Henderson, retired judge of the Common Pleas Court of Ashland County, Ohio.
 {¶ 89} Appellant Gallagher's Assignment of Error VIII is denied.
 {¶ 90} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
By Farmer, P.J., Boggins, J. and Wise, J. concur.
[1] The agreement was made because first appointed counsel was never informed of the appointment and time for appeal had lapsed.
[2] Given the fate of F. Lee Bailey, we find he is not the standard for the effective assistance of trial counsel.