OPINION
{¶ 1} Curtis Pierson appeals from his conviction in the Vandalia Municipal Court of disorderly conduct. Pierson was originally charged on April 29, 2007, with assault. A few days later Pierson privately retained the firm of Rion and Rion to represent him. On June 21, 2007, the court set the matter for trial on August 21, 2007. *Page 2 
 {¶ 2} On the day of trial, Pierson's lawyer, Ms. Keri Farley, who is an associate in the Rion firm, informed the court that because there will be no jury trial, Pierson wished to discharge her as his counsel. The trial court informed Pierson that it was too late to discharge his attorney because the witnesses were present, and the court was ready to proceed. Pierson told the court the reason he wanted to dismiss his lawyer was because he had informed counsel from the beginning that he wanted a jury trial and that if counsel had not requested it, his counsel was incompetent. (Tr. 4.) The prosecuting attorney indicated she had no objection to Pierson discharging his attorney. The trial court then asked Pierson if he really wanted to discharge his attorney because the court was not going to continue the case. Pierson then stated that "if [he] had no other options," he would proceed to represent himself. (Tr. 8.) The State then proceeded to present three witnesses who it had subpoened, and Pierson presented two witnesses in his behalf in addition to himself. At the conclusion of all the evidence the trial judge found Pierson guilty of the lesser included offense of disorderly conduct.
 {¶ 3} In his first assignment of error, Pierson contends the trial court erred by denying him the right to counsel. In the second assignment, Pierson contends the trial court erred by failing to insure that his waiver of counsel was made voluntarily, knowingly, and intelligently. The State argues that Pierson knowingly, voluntarily, and intelligently waived his right to counsel. The State argues that Pierson's motions to discharge his counsel and continue his trial were untimely and were made merely to delay the proceedings and harass the witnesses. Also, the State argues that Pierson surely knew the hazards of proceeding without counsel because the record established he is a twenty-year veteran of the Dayton Police Department. *Page 3 
 {¶ 4} A defendant is entitled to privately retained counsel of his own choice. United States v. Gonzalez-Lopez (2006), 548 U.S. 140, 144, 236 S.Ct. 2557, 165 L.Ed.2d 409. The right to counsel must be tempered by the public's right to a prompt, orderly and efficient administration of justice. Attorneys cannot be shed at every stage of the proceeding so as to impede that orderly administration. State v. Marinchek (1983),9 Ohio App.3d 22. In Marinchek, the court found the trial court abused its discretion in not permitting the defendant to discharge his attorney between plea and sentencing because there was no urgent need to advance the case for sentencing. There is no indication in this record that Pierson discharged his counsel merely to delay the proceedings or to harass the witnesses. Indeed, Pierson's witnesses were present and testified in his behalf. There is no evidence that Pierson knew before the day of trial that his counsel had failed to request a jury trial on his behalf. It is clear that Pierson had lost confidence that his counsel was representing his best interests. The court presented him with a difficult choice, proceed with counsel he had no faith in or proceed without the assistance of counsel.
 {¶ 5} In order to establish an effective waiver of the right to counsel, the trial court must make sufficient inquiry to determine whether the defendant understands and intelligently relinquishes that right. State v. Gibson (1976), 45 Ohio St.2d 366. Even when the waiver of counsel is implied by the defendant's purposed delaying tactics, a pretrial inquiry as to the defendant's knowing and intelligent waiver of that right must be made. State v. Weiss (1993), 92 Ohio App.3d 681;United States v. Allen (C.A. 10, 1990), 895 F.2d 1577, 1579. The trial court has the affirmative duty to insure the defendant is aware of the range of allowable punishments, possible defenses to the *Page 4 
charges, circumstances that might serve as mitigation, as well as any other facts which would demonstrate that the defendant understood the entire matter. State v. Bizzell, Clinton App. No. CA 2006-04-015,2007-Ohio-2160 at ¶ 12. Had the trial court provided Pierson with these admonitions concerning the undesirability of self-representation, Pierson might have elected to proceed with representation by Ms. Farley, who remained in the courtroom until the trial began. (Tr. 7.) The Appellant's first and second assignments of error are Sustained.
 {¶ 6} In his third assignment, Pierson contends the trial court abused its discretion in denying him a continuance to secure new counsel. Although the trial court has broad discretion in granting continuances, we agree with Pierson that under the circumstances of this case the trial court abused its discretion in denying him a continuance. The third assignment is Sustained also.
 {¶ 7} In his last assignment, Pierson contends the trial court improperly made certain evidentiary rulings. This assignment is moot in light of the resolution of the first three assignments.
 {¶ 8} The Judgment of the trial court is Reversed and Remanded for further proceedings.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1