[Cite as *State v. Suntoke*, 2014-Ohio-1431.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| KALI SUNTOKE | : | Case No. CT2013-0032 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                  Court of Common Pleas, Case No.
                                  CR2012-0101



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 April 2, 2014



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RON WELCH                                 VALERIE K. WIGGINS
Assistant Prosecuting Attorney            107 South Main Street
27 North Fifth Street                     New Lexington, OH 43764
Zanesville, OH 43701
                                          D. Michael Haddox
                                          P.O. Box 189
                                          Zanesville, Ohio 43702

*Baldwin, J.*

{¶1} Defendant-appellant Kali Suntoke appeals his conviction and sentence from the Muskingum County Court of Common Pleas on sixteen (16) counts of pandering obscenity involving a minor. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On April 26, 2012, the Muskingum County Grand Jury indicted appellant, who is in his 70s, on thirty-two (32) counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1), felonies of the second degree, and one count of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5), a felony of the fourth degree.  At his arraignment on May 2, 2012, appellant, who was represented by court-appointed counsel Attorney Kevin Van Horn, entered a plea of not guilty to the charges.

{¶3} On May 9, 2012, appellant filed a motion seeking modification of the $500,000.00 cash, surety or property bond and a Request for a Bill of Particulars. Pursuant to an Entry filed on May 9, 2012, the trial was scheduled for June 19, 2012. The Bill of Particulars was filed on May 16, 2012. Following a hearing held on May 21, 2012, the trial court denied the request for bond modification. Appellant filed a written time waiver on June 14, 2012.

{¶4} Appellee, on June 14, 2012, filed a motion seeking a continuance of the trial. Appellee, in its motion, argued that counsel was scheduled to be in trial on June 14, 2012 and that counsel was scheduled to attend a seminar from June 21, 2012 to June 23, 2012. Via an Entry filed on June 18, 2012, the trial court continued the trial to August 21, 2012.

{¶5}    Thereafter, on August 8, 2012, appellant filed a handwritten motion for the appointment of new counsel. Appellant, in his motion, indicated that he had "no faith and confidence" in the ability of his counsel because his counsel did not have jury trial experience in his type of case. Appellant asked that an attorney from Columbus, Cleveland or Cincinnati be appointed to represent him.

{¶6}    On August 14, 2012, appellee filed a motion for a continuance of the trial because a critical witness was not available for trial as scheduled.  As memorialized in an Entry filed on August 16, 2012, the trial was continued to October 9, 2012.  Following a hearing held on August 12, 2013, the trial court denied appellant's request for new counsel and appellant's oral request for a continuance of trial.  Subsequently, on September 21, 2012, appellant filed a Motion Requesting a Competency Evaluation, a Motion to Change Venue, and a Motion to Appoint Co-Counsel. Appellant also filed a Motion Requesting Leave of Court to Enter a Not Guilty by Reason of Insanity Plea. The trial court, pursuant to a Judgment Entry filed on September 21, 212, granted the latter motion and appellant, on the same date, filed a written plea of not guilty by reason of insanity.

{¶7}    Via a Journal Entry filed on September 24, 2012, the trial court granted appellant's request for a competency evaluation and ordered that appellant be evaluated for purposes of competency to stand trial and for purposes of determining his sanity at the time of the alleged offenses.   After a hearing held on December 10, 2012, the trial court found that appellant was competent to stand trial. As memorialized in an Entry filed on December 21, 2012, the trial court appointed Greg Myers of the Public

Defender's Office as co-counsel.   The trial, via an Entry filed on February 27, 2013, was scheduled for April 9, 2013.

{¶8}     Appellant, on March 28, 2013, filed a handwritten "Motion for Release/Discharge of Attorney Kevin Van Horn."  Appellant, in his motion, alleged that the service of Attorney Van Horn was no longer necessary and that he had no faith or confidence in Van Horn's ability to adequately represent him. Appellant argued that Attorney Myers was sufficient.

{¶9}     Appellee, on April 4, 2013, filed a Motion to Amend the Indictment, seeking to amend Counts 10 through 18 and 22 through 27 by deleting "KALI SONTOKE" from the image titles. Appellee sought to correct an error. The trial court granted such motion as memorialized in an Order filed on April 5, 2013. Three days later, a Journal Entry was filed granting appellant's motion to release Attorney Kevin Van Horn. On April 8, 2013, Attorney Elizabeth Gaba filed a Notice of Conditional Appearance. In her notice, she stated that she would be counsel of record for appellant if the trial court continued the trial date to a reasonable date. Also on April 8, 2013, appellant filed a motion seeking a continuance of the April 9, 2103 trial.  A hearing was held on April 8, 2013. Pursuant to a Journal Entry filed on the same day, the motion for a continuance was denied.

{¶10}   Thereafter, on April 9, 2013, appellant, who was represented by Attorney Greg Myers, withdrew his former not guilty plea and entered a plea of no contest to Counts 1 through 9, 14, 15, 20, 21, 28, 29, and 32.  On June 3, 2013, appellant presented the trial court with a handwritten motion to withdraw his no contest plea. The motion was filed on June 4, 2013. Via an Entry filed on June 6, 2013, the trial court

denied such motion after a hearing and sentenced appellant to an aggregate sentence of seven (7) years in prison. The trial court also classified appellant a Tier II Sex Offender. The remaining counts were nolled by appellee.

{¶11}   Appellant now raises the following assignments of error on appeal:

{¶12}   1. THE TRIAL COURT VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHTS AND ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT'S MOTION TO WITHDRAW HIS "NO CONTEST" PLEA.

{¶13}   2. THE TRIAL COURT VIOLATED THE DEFENDANT'S SIXTH AMENDMENT RIGHT TO COUNSEL WHEN IT ERRONEOUSLY DENIED THE DEFENDANT'S CHOICE OF COUNSEL.

{¶14}   3. THE DEFENDANT WAS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL, THE CUMULATIVE EFFECT OF WHICH DENIED HIM OF HIS CONSTITUTIONAL RIGHT TO COUNSEL.

{¶15}   A. THE DEFENDANT WAS NOT GIVEN THE OPPORTUNITY TO PARTICIPATE IN HIS OWN DEFENSE.

{¶16}   B. THE DEFENDANT WAS ADVISED, AGAINST PROTEST, TO GO AHEAD AND PLEAD TO THE CHARGES AND THEN WITHDRAW HIS PLEAS LATER, BEFORE SENTENCING.

{¶17}   C. NEITHER COUNSEL CHALLENGED THE SUFFICIENCY OF THE INDICTMENT EVEN THOUGH THERE WERE DEFECTS IN THE FORM OF THE INDICTMENT ON ITS FACE.

I

{¶18}   Appellant, in his first assignment of error, argues that the trial court erred in denying his motion to withdraw his no contest plea. Appellant had made such motion before sentencing.

{¶19}   Crim.R. 32.1, which governs the withdrawal of a guilty plea, provides:

{¶20}   "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶21}   This rule establishes a fairly strict standard for deciding a post-sentence motion to withdraw a guilty plea, but provides no guidelines for deciding a presentence motion. *State v. Xie,* 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992).

{¶22}   The Ohio Supreme Court has stated pre-sentence motions to withdraw a guilty plea "should be freely and liberally granted." *Id.* at 526. That does not mean, however, a defendant has an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. There must be "a reasonable and legitimate basis for withdrawal of the plea." *Id.* The decision to grant or deny a pre-sentence plea withdrawal motion is within the trial court's sound discretion. *Id.* at paragraph two of the syllabus.

{¶23}   The factors to be considered when making a decision on a presentence motion to withdraw a guilty plea are as follows: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim .R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of

the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Cuthbertson,* 139 Ohio App.3d 895, 898–899, 746 N.E.2d 197 (7th Dist.2000), citing *State v. Fish,* 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995). No one *Fish* factor is absolutely conclusive. *Cuthbertson, supra.*

{¶24}   At the hearing on appellant's motion, appellant agreed that one of the reasons he wished to withdraw his plea was because "Assistant Prosecutor Ron Welch stated very, very clearly that, considering the age of the defendant in this case we believe that the sentence that's been recommended had the same effect as if it were to recommend a 70-year sentence." Transcript from June 3, 2013 hearing at 6-7. Appellant also indicated that the second reason was because the Judge did not have to follow such recommendation. Appellant also concurred that the third main reason he wanted to withdraw his plea was because he believed that his counsel was not prepared to go to trial.

{¶25}   However, the following discussion took place on the record**:**

{¶26}   "THE COURT:   In reviewing that, before you changed your pleas to no contest, you knew that the State was going to recommend seven years, correct, and you pled no contest knowing that to be the recommendation?

{¶27}   "THE DEFENDANT:        Yes.

{¶28}   "THE COURT:   Also, I asked you at that time if you understood that I did not have to follow that recommendation.

{¶29}   "THE DEFENDANT:   Yes, sir.

{¶30}   "THE COURT:   And you said yes, right?

{¶31}   "THE DEFENDANT:   Yes.

{¶32}   "THE COURT:   And you still understand that, right?

{¶33}   "THE DEFENDANT:   Yes, sir.

{¶34}   "THE COURT:   And regarding your third factor, I spoke very clearly with Mr. Meyers at that time, and he indicated he was ready to go to trial.  He was prepared and ready.  Do you remember he and I having that discussion on the record?

{¶35}   "THE DEFENDANT:   Maybe.

{¶36}   "THE COURT:   Well, we did.

{¶37}   "MR. MEYERS:   I reminded Mr. Suntoke that the afternoon the day before the plea hearing, which would have been Monday, April 8th.  We were before this Court when private counsel requested to be permitted to enter, and then at that time, it was at that hearing that the Court addressed me directly asking were I ready to take the case to trial if need be, and, of course, forthrightly I said I was ready.

{¶38}   "THE COURT:   Thank you, Mr. Meyers.  So those three reasons – those three points that your make are no reason for me to allow you to withdraw your no contest plea.

{¶39}   "And I also asked if you withdrew all motions you had pending before the Court at that time and also withdraw all those pending motions; do you remember that?

{¶40}   "MR. MEYERS:   Mr. Suntoke may not have good recollection of what I reminded him is a routine part of a plea colloquy.  I remember you opening the file and indicating there were perhaps a few pending motions, some pro se.  It's my recollection - - certainly that could be wrong - - we withdrew all those motions.

{¶41} "THE COURT:    Thank you.  So other than what we've just talked about, Mr. Suntoke, is there anything else you would like to bring to my attention that I should allow you to withdraw your no contest plea?

{¶42} "THE DEFENDANT:    Yes, Your Honor.

{¶43} "THE COURT:    Go ahead.

{¶44} "THE DEFENDANT:    As I said, Mr. Meyers, even Mr. Kevin Van Horn and Mr. Meyers, we have never discussed the actuality of the case itself.  We have never discussed what motions need to be filed or what to be done.

{¶45} "THE COURT:    The motions are over.

{¶46} "THE DEFENDANT:    No, no, no motions are over now.  What I'm saying previously we had never discussed what motions are to be done.

{¶47} "THE COURT:    Let me pause you, Mr. Suntoke.

{¶48} "THE DEFENDANT:    Yes, sir.

{¶49} "THE COURT:    If you recall at your change of plea when you pled no contest, I asked you if you were pleased with the representation of your attorney, and you said yes.  Do you recall that?

{¶50} "THE DEFENDANT:    I don't exactly recall that.

{¶51} "THE COURT:    I assure you I asked you that.

{¶52} "THE DEFENDANT:    I believe you.  I believe you, Your Honor.

{¶53} "THE COURT:    And I assure you you said you were pleased with his representation of you.  So anything else that needs brought to the Court's attention?

{¶54} "THE DEFENDANT:    No.

{¶55} "THE COURT:   Based upon your letter and our discussion, I'm going to deny your motion to withdraw your no contest plea."Transcript from June 3, 2013 hearing at 8-11. Moreover, a review of the transcript from the April 9, 2013 plea hearing demonstrates that the trial court engaged appellant in a thorough Crim.R. 11 colloquy before accepting his plea.

{¶56}   Based on the foregoing, we find that the trial court did not abuse its discretion in denying appellant's motion to withdraw his plea.

{¶57}   Appellant's first assignment of error is, therefore, overruled.

II

{¶58}   Appellant, in his second assignment of error, argues that the trial court violated his Sixth Amendment right to counsel when it denied his choice of counsel.

{¶59}   "The right to counsel guaranteed by the Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution does not always mean counsel of one's own choosing. *State v. Marinchek*, 9 Ohio App.3d 22, 23, 457 N.E.2d 1198 (9th Dist. Medina 1983). The right to counsel must be balanced against the public's right to prompt, orderly and efficient administration of justice. Id.  Moreover, the right of a defendant to select his own counsel is inherent only in the cases where the accused is employing counsel himself. *Thurston v. Maxwell*, 3 Ohio St.2d 92, 93, 209 N.E.2d 204 (1965).

{¶60}   The decision whether or not to remove court appointed counsel and allow substitution of new counsel is addressed to the sound discretion of the trial court, and its decision will not be reversed on appeal absent an abuse of discretion. *State v. Pruitt,* 18 Ohio App.3d 50,  480 N.E.2d 499 (8th Dist.1984).*Id.* "The term 'abuse of discretion'

implies that the court's attitude is unreasonable, arbitrary or unconscionable."
*Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶61}   As is stated above, Attorney Kevin Van Horn was originally appointed to represent appellant. As memorialized in an Entry filed on December 21, 2012, the trial court appointed Greg Myers of the Public Defender's Office as co-counsel at the request of Attorney Van Horn. Subsequently, at appellant's request, the trial court discharged Attorney Van Horn. Appellant, in his March 28, 2013  handwritten motion, stated that "in these times of state budget deficits & controls I see no reason for the State of Ohio to pay for two attorneys when one attorney in the form of Mr. Gregory Myers would be sufficient."

{¶62}   Thereafter, on April 8, 2013 Attorney Elizabeth Gaba filed her Notice of Conditional Appearance. In her  April 8, 2013 motion for a continuance of the trial, she stated, in relevant part, as follows:

{¶63}   "Undersigned Counsel was contacted in November 2012 by Mr. Suntoke regarding representation and promptly responded.  Mr. Suntoke has stated that he wrote three additional letters to Counsel but they were not received, and Counsel did not hear again from Mr. Suntoke until 4-4-13.  On that day a representative of Mr. Suntoke contacted Counsel regarding proposed representation of Mr. Suntoke in this matter as privately retained counsel."

{¶64}   The motion for a continuance was denied.

{¶65}   Based on the foregoing, we find that the trial court did not violate appellant's rights when it  refused to continue the trial so that Attorney Gaba would represent appellant. Appellant was represented by qualified appointed counsel when he

entered his plea and did not have a right to counsel of his choosing. We note that as late as March 28, 2013, appellant had indicated that Attorney Myers' representation was "sufficient".

{¶66}   Appellant's second assignment of error is, therefore, overruled.

III

{¶67}   Appellant, in his third assignment of error, argues that he received ineffective assistance of trial counsel.

{¶68}   A properly licensed attorney is presumed competent. *State v. Hamblin,* 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's performance fell below an objective standard of reasonable representation and that but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

{¶69}   Appellant initially argues that he received ineffective assistance of trial counsel because he was not given an opportunity to participate in his own defense. Appellant points out that in a May 29, 2013 letter to his counsel, which was attached to appellant's motion seeking to withdraw his plea, appellant raised the issue that he had not had the chance to consult with his attorney concerning any trial issues. However, the record is insufficient to demonstrate that counsel acted incompetently in representing appellant or that actual prejudice resulted from such representation.

{¶70}   Appellant also maintains that trial counsel was ineffective in advising appellant, against protest, to go ahead and plead to the charges and then withdraw his plea later before sentencing. However, there is nothing in the record supporting such assertion. When asked at the sentencing hearing who gave him the impression that he could file a motion for the withdrawal of his no contest pleas, appellant stated that he read in a law book that he could file such a motion.

{¶71}   Appellant finally argues that counsel was ineffective in failing to challenge the sufficiency of the indictment. Appellee, on April 4, 2013, filed a Motion to Amend Indictment. Appellee specifically sought to amend Counts 10, 11, 12, 13, 14, 15, 16, 17, 18, 22, 23, 24, 25, 26 and 27 by deleting "KALI SUNTOKE" from image titles.  Such counts contained language stating, in relevant part, that appellant "did… create, reproduce, or publish any obscene material, to wit: Image titled KALI SUNTOKE… that has a minor as one of its participants or portrayed observers;…"  The trial court granted such motion and deleted "Kali Sontoke" from the image titles.

{¶72}   We note that appellee dismissed Counts  10, 11, 12, 13, 16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 30, 31 and 33. Moreover, Crim.R. 7(D) provides in pertinent part:

{¶73}   "The court may at any time before, during, or after a trial amend the indictment * * * in respect to any defect, imperfection or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."

{¶74}   Thus, the trial court could amend the indictment so long as the amendment did not change "the name or identity of the crime charged." We find that the trial court properly amended the indictment in accordance with Crim.R. 7(D) because

the amendment did not alter the name or identity of the crime charged. The amendment added no new language to the indictment and did not add any additional elements that the state was required to prove. We find that appellant's claim that his attorney was ineffective for failing to object to the amendment of the indictment lacks merit because his attorney did not fall below an objective standard of representation. Moreover, we find that appellant was not prejudiced by the amendment of the indictment.

{¶75} Appellant's third assignment of error is, therefore, overruled.

{¶76}    Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Farmer, J. concur.