[Cite as *State v. Suntoke*, 2014-Ohio-3320.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| KALI SUNTOKE | : | Case No. CT2014-0017 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. CR2012-0101




JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 July 21, 2014




APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RON WELCH                             KALI SUNTOKE
27 North Fifth Street                 #686-054
Zanesville, OH  43701                 Chillicothe Correctional Institution
                                      P.O. Box 5500
                                      Chillicothe, OH  45601

*Farmer, J.*

{¶1} On April 26, 2012, the Muskingum County Grand Jury indicted appellant, Kali Suntoke, on thirty-three counts of pandering obscenity involving a minor in violation of R.C. 2907.321. Appellant is in his seventies. On April 9, 2013, appellant pled no contest to sixteen of the counts. By entry filed April 10, 2013, the trial court found appellant guilty.

{¶2} A sentencing hearing was held on June 3, 2013. Appellant presented a handwritten motion to withdraw his pleas. The trial court entertained arguments and denied the motion. By entry filed June 6, 2013, the trial court sentenced appellant to seven years in prison. The remaining counts were nolled.

{¶3} Appellant filed an appeal. Thereafter, on February 7, 2014, appellant filed a petition for postconviction relief, claiming ineffective assistance of counsel. By journal entry filed February 11, 2014, the trial court denied the petition.

{¶4} On April 2, 2014, this court affirmed appellant's conviction and sentence. *See, State v. Suntoke,* 5th Dist. Muskingum No. CT2013-0032, 2014-Ohio-1431.

{¶5} Appellant filed an appeal on the denial of his postconviction petition and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶6} "ATTORNEY VAN HORN WAS INEFFECTIVE."

II

{¶7} "ATTORNEY MEYERS WAS INEFFECTIVE IN HIS RECOMMINDATION (SIC) TO PLEAD."

III

{¶8}   "ATTORNEY VAN HORN AND GREGORY MEYERS WERE BOTH INEFFECTIVE FOR NOT CHALLENGING PROBABLE CAUSE FOR ARREST AND FOR SEARCH."

I, II, III

{¶9}   Appellant claims the trial court erred in denying his petition for postconviction relief and failed to afford him a hearing.  We disagree.

{¶10}  R.C. 2953.21 governs petitions for postconviction relief.  Subsection (C)(2) states the following in pertinent part:

The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief.  In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

{¶11} The trial court's February 11, 2014 journal entry is a bare-bones denial of appellant's petition for postconviction relief.

{¶12} In his petition filed February 7, 2014, appellant argued ineffective assistance of counsel regarding both of his trial counsel, Kevin Van Horn, Esq. and Gregory Meyers, Esq., for advice given prior to him entering his no contest pleas. Appellant argued Attorney Van Horn failed to provide him a defense, and entered into plea negotiations without his consent. Appellant argued Attorney Meyers failed to inform him of the elements of the offenses and "like Van Horn, Meyers left Defendant to his own devises to prepare his own defense." Appellant argued Attorney Meyers failed to discover exculpatory evidence and offer any defenses. Appellant argued if either attorney had been effective and provided him with information on the elements of the offenses and lesser included offenses, he would not have pled no contest. Attached to his petition were copies of various emails and letters from both attorneys to him and Elizabeth Gaba, Esq., who had entered the case on a conditional appearance one day prior to appellant entering his pleas. None of the emails and letters are authenticated or of any evidentiary quality.

{¶13} Appellant argues Attorney Meyers's attitude of convincing him to enter no contest pleas is demonstrated by a March 13, 2013 memo he sent to Attorney Van Horn:

I am finally getting around to visiting Suntoke again later today (3-13-13). My plan is to advise him that his only hope of ever getting out of prison before he dies of old age is to enter guilty pleas that leave

sentencing to the judge. If he's open to that idea, I will agree to do gather at least some of the information he wants when it comes to medical records he says will confirm his poor health; the Ohio prison system's general costs for incarcerating older inmates; maybe some "comparable" child porn case suggesting relatively light sentences (at least as compared to 10 or 12 years) - although this may create more bad than good because some "comparables" with this number of images will entail sentences much longer than 10 years.

{¶14} As noted in the facts, appellant filed a direct appeal of his case which this court affirmed. *State v. Suntoke,* 5th Dist. Muskingum No. CT2013-0032, 2014-Ohio-1431. Assignment of Error 3 at ¶ 13 was: "THE DEFENDANT WAS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL, THE CUMULATIVE EFFECT OF WHICH DENIED HIM OF HIS CONSTITUTIONAL RIGHT TO COUNSEL." This court's decision found there was nothing in the record to support the argument that appellant's pleas were miscounseled or involuntary (¶ 69):

Appellant initially argues that he received ineffective assistance of trial counsel because he was not given an opportunity to participate in his own defense. Appellant points out that in a May 29, 2013 letter to his counsel, which was attached to appellant's motion seeking to withdraw his plea, appellant raised the issue that he had not had the chance to consult with his attorney concerning any trial issues. However, the record is

insufficient to demonstrate that counsel acted incompetently in representing appellant or that actual prejudice resulted from such representation.

{¶15} Appellant's postconviction petition now seeks to re-litigate the issue with unauthenticated or affidavit quality material. As to the claim of ineffective assistance of trial counsel on trial preparation, plea negotiation, and voluntariness of plea, we find the trial court correctly denied the petition without hearing.

{¶16} In his appellate brief, appellant also argues both trial counsel were deficient in not challenging probable cause to search and to arrest. These issues are not proper before this court as they were not raised in the petition to the trial court.

{¶17} Assignments of Error I, II, and III are denied.

{¶18} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. Patricia A. Delaney

_____
Hon. Craig R. Baldwin

SGF/sg 626

[Cite as *State v. Suntoke*, 2014-Ohio-3320.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KALI  SUNTOKE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2014-0017 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.  Costs to appellant.

 

_____
Hon. Sheila G. Farmer

 

_____
Hon. Patricia A. Delaney

 

_____
Hon. Craig R. Baldwin