[Cite as *State v. Suntoke*, 2019-Ohio-2312.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| KALI S. SUNTOKE | : | Case No. CT2018-0074 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 2012-CR-0101


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     June 10, 2019


APPEARANCES:

For Plaintiff-Appellee                           For Defendant-Appellant

TAYLOR P. BENNINGTON                   KALI S. SUNTOKE, PRO SE
27 North Fifth Street                          #A686-054
P.O. Box 189                                     Chillicothe Correctional Institution
Zanesville, OH  43702-0189              P.O. Box 5500
                                                         Chillicothe, OH  45601

*Wise, Earle, J.*

{¶ 1}　Defendant-Appellant, Kali S. Suntoke, appeals the October 22, 2018 journal entry of the Court of Common Pleas of Muskingum County, Ohio denying his motion to withdraw guilty plea or no contest.　Plaintiff-Appellee is state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}　On April 26, 2012, the Muskingum County Grand Jury indicted appellant on thirty-three counts of pandering obscenity involving a minor in violation of R.C. 2907.321. On April 9, 2013, appellant pled no contest to sixteen of the counts.　By entry filed April 10, 2013, the trial court found appellant guilty.

{¶ 3}　A sentencing hearing was held on June 3, 2013.　Appellant presented a handwritten motion to withdraw his pleas.　The trial court entertained arguments and denied the motion.　By entry filed June 6, 2013, the trial court sentenced appellant to seven years in prison.　The remaining counts were nolled.

{¶ 4}　Appellant filed an appeal, challenging in part the trial court's denial of his motion to withdraw his pleas.　Thereafter, on February 7, 2014, appellant filed a petition for postconviction relief, claiming ineffective assistance of counsel.　By journal entry filed February 11, 2014, the trial court denied the petition.

{¶ 5}　On April 2, 2014, this court affirmed appellant's convictions and sentence. *State v. Suntoke,* 5th Dist. Muskingum No. CT2013-0032, 2014-Ohio-1431.

{¶ 6}　Appellant filed an appeal on the denial of his postconviction petition.　On July 21, 2014, this court affirmed the decision.　*State v. Suntoke,* 5th Dist. Muskingum No. CT2014-0017, 2014-Ohio-3320.

{¶ 7}   On October 17, 2018, appellant filed a motion to withdraw guilty plea or no contest, claiming his pleas were not knowingly and voluntarily made.   By journal entry filed October 22, 2018, the trial court denied the motion.

{¶ 8}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignments of error are as follows:

I

{¶ 9}   "APPELLANT'S 'NO CONTEST' PLEA WAS INVOLUNTARILY AND UNKNOWINGLY GIVEN WHEN THE TRIAL COURT FAILED TO COMPLY WITH ALL THE NECESSARY REQUIREMENTS OF CRIM. RULE 11 BOTH CONSTITUTIONAL AND NON-CONSTITUTIONAL, PUNITIVE AND NON-PUNITIVE BY NOT INFORMING THE APPELLANT OF ALL THE PUNITIVE CONSEQUENCES OF THE 'NO CONTEST' PLEA."

II

{¶ 10} "THE TRIAL COURT FAILED TO COMPLY WITH IT'S (SIC) DUTY AND OBLIGATION TO SEE THAT THE APPELLANT/DEFENDANT'S 'NO CONTEST' PLEA WAS KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY GIVEN."

III

{¶ 11} "THE TRIAL COURT FAILED TO GIVE ANY REASONS FOR IT'S (SIC) DENIAL OF THE WITHDRAWAL OF THE 'NO CONTEST' PLEA AND SUMMARILY PROCEEDED WITH THE SENTENCING AGAINST THE WISHES OF THE DEFENDANT WHO WANTED TO GO INTO APPEAL AT THAT TIME OF DENIAL OF THE WITHDRAWAL OF THE 'NO CONTEST' PLEA AND THE COURT DID NOT GIVE

HIM A CHANCE TO SO DO BUT SUMMARILY PROCEEDING DIRECTLY TO SENTENCING AGAINST THE WISHES OF THE DEFENDANT AT THAT TIME."

IV

{¶ 12} "THE TRIAL COURT DID NOT INFORM THE APPELLANT/DEFENDANT OF THE PUNITIVE CONSEQUENCES OF HIS 'NO CONTEST' AND HENCE THE APPELLANT WAS COMPLETELY IN THE DARK ABOUT THE SAME. THE TRIAL COURT ALSO FAILED IN IT'S (SIC) DUTY TO EXAMINE THE FACTUAL BASIS OF THE EVIDENCE IN THE INDICTMENTS BEFORE ACCEPTING THE PLEA WHICH WAS NON-EXISTENT."

V

{¶ 13} "THE TRIAL COURT ALSO FAILED TO CONSIDER THE QUESTION OF A LESSER INCLUDED OFFENSE AS WELL AS THE QUESTION OF ALLIED OFFENSE OF SIMILAR IMPORT AS IT WAS WITH THE SAME ANIMUS AND SIMILAR CONDUCT."

I, II

{¶ 14} In his first and second assignments of error, appellant claims the trial court erred in denying his motion to withdraw guilty plea or no contest. We disagree.

{¶ 15} In his motion to withdraw, appellant argued his pleas were not knowingly and voluntarily made because the trial court failed to properly notify him of the requirements associated with his Tier II sex offender classification.

{¶ 16} This argument challenging his 2013 pleas could have been raised at the time of his direct appeal. Appellant could have challenged his classification and/or the procedure by which he was classified on appeal, but chose not to do so. *State v. Collins,*

2d Dist. Montgomery No. 27939, 2018-Ohio-4760. Therefore, we find appellant's arguments to be barred by the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus ("a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment").

{¶ 17} Furthermore, we find the trial court did not have jurisdiction to entertain appellant's motion to withdraw. In this case, appellant filed a direct appeal which this court affirmed. *State v. Suntoke,* 5th Dist. Muskingum No. CT2013-0032, 2014-Ohio-1431. In *State ex rel. Special Prosecutors v. Judges, Belmont County Court of Common Pleas,* 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978), the Supreme Court of Ohio held:

Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do. Thus, we find a total and complete want of jurisdiction by the trial court to grant the motion to withdraw appellee's plea of guilty and to proceed with a new trial.

{¶ 18} Upon review, we find appellant's arguments herein to be barred by the doctrine of res judicata and the trial court's lack of jurisdiction to entertain a Crim.R. 32.1 motion. *See State v. Parker,* 8th Dist. Cuyahoga No. 106062, 2018-Ohio-1847; *State v. Long,* 5th Dist. Richland No. 15CA93, 2016-Ohio-671.

{¶ 19} Assignments of Error I and II are denied.

### III, IV, V

{¶ 20} In these listed assignments of error, appellant did not raise these issues to the trial court in the motion to withdraw, nor did he provide arguments in support thereof in his appellate brief. Further, the issues could have been raised on direct appeal.

{¶ 21} Assignments of Error III, IV, and V are denied.

{¶ 22} The judgment of the Court of Common Pleas of Muskingum County, Ohio are hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Baldwin, J. concur.

EEW/db 528