[Cite as *State v. Bair*, 2021-Ohio-1257.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-A-0055** |
| KYLE ROBERT BAIR, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2020 CR 00159.

Judgment: Reversed and remanded.

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Bradley P. Koffel* and *William Nesbitt*, Koffel, Brininger, Nesbitt, 1801 Watermark Drive, Suite 350, Columbus, OH 43215, and *Paul Giorgianni*, Giorgianni Law LLC, 1538 Arlington Avenue, Columbus, OH 43212 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Kyle Robert Bair, appeals from the judgment entry of the Ashtabula County Court of Common Pleas, denying his request to have both of his attorneys present at the counsel table during his criminal trial. For the following reasons, we reverse the decision of the lower court and remand for further proceedings consistent with this opinion.

{¶2} On March 26, 2020, the Ashtabula County Grand Jury issued an Indictment,

charging Bair with Rape, a felony of the first degree, in violation of R.C. 2907.02(A)(1)(c).

{¶3} On April 23, 2020, attorneys Bradley Koffel and William Nesbitt filed a notice of appearance as counsel for Bair.

{¶4} Following discovery and plea negotiations, on November 16, 2020, Bair filed a Motion for Confirmation that Both of His Attorneys May Serve at Counsel Table, Argue & Examine Witnesses for Trial. The motion noted that the Court had "expressed its intention to limit each party to one attorney at counsel table." Bair argued that he had a constitutional right to have two attorneys serve at trial, noting that he had been represented by both attorneys since making his first appearance in the case.

{¶5} The Court issued a Judgment Entry on November 17, 2020, in which it denied the foregoing motion. It noted the challenges presented to the court by the COVID-19 pandemic and stated the following:

> For this trial, the minimum number of persons that must be physically present in the courtroom is twenty. With this number of persons, it is barely possible to maintain recommended social distancing. At this time, there is obviously risk in assembling this many people in the enclosed space of the courtroom. Increasing the number of persons in the courtroom will only increase the level of risk. The Court finds that counsel's claim that co-counsel is necessary is not sufficient to overcome the risks posed by the unique circumstances of the pandemic.

It further stated that it was not "preventing the primary trial counsel from having the assistance of another attorney" but that counsel should "work with the Court to minimize the number of persons who will be physically present in the courtroom, at the same time." It found that the State and defendant "will be limited to one attorney to be present in the courtroom, at counsel table, when the trial is in session."

{¶6} Bair timely appeals and raises the following assignment of error:

{¶7} "The trial court erred by refusing to allow Mr. Bair to have the service of both

2

his privately retained attorneys at trial."

{¶8} As an initial matter, the State argues that the trial court's judgment is not a final appealable order since it is an interlocutory order and no grounds exist allowing for an appeal under these circumstances. It contends that *State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, which held that "a pretrial ruling removing a criminal defendant's retained counsel of choice is a final order, subject to immediate appeal," does not apply here. *Id.* at the syllabus.

{¶9} R.C. 2953.02 allows for appellate review of a final order of a trial court in a criminal case. Pursuant to R.C. 2505.02(B)(4), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that grants or denies a provisional remedy" and when two other conditions apply: "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy [and] (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶10} In *Chambliss*, the Ohio Supreme Court held that an order removing retained counsel who were unprepared to proceed to trial without receiving necessary information and requiring defendants to obtain new counsel related to a provisional remedy. *Id.* at ¶ 16. It further held that a defendant would be denied a meaningful or effective remedy if he was not permitted to go forward with counsel of his choosing, observing that denial of the right to counsel of choice is "structural error" which would entitle him to "automatic reversal of his conviction." *Id.* at ¶ 16, 18. "This is because '[d]ifferent attorneys will

3

pursue different strategies with regard to investigation and discovery, development of the theory of defense, selection of the jury, presentation of the witnesses, and style of witness examination and jury argument. And the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides instead to go to trial.'" *Id.* at ¶ 18, citing *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006).

{¶11} While the State is accurate in its assertion that *Chambliss* does not discuss the precise matter here, whether preventing a second attorney from being present at the trial would implicate structural error, we disagree with its conclusion that the rationale in *Chambliss* does not apply. Much of the rationale set forth in *Chambliss* is pertinent to these circumstances. Being denied the representation of a second attorney implicates the same concerns of differing styles of representation, including in witness examination and jury argument, which could ultimately impact the outcome of the trial. Furthermore, deferring a ruling on this issue until after the trial raises legitimate concerns outlined in *Chambliss*, including a waste of "scarce judicial resources" as well as the chance that the defendant "might exhaust his or her resources during the first trial, thereby denying that defendant the counsel of his or her choice." *Id.* at ¶ 22. Resolution of this matter prior to trial is economical both for the defendant and the State. For these reasons, we find that there is a final appealable order before this court.

{¶12} Bair argues that he is entitled to the representation of two attorneys, that denying such right constitutes structural error, and considerations of efficient justice do not justify excluding one of his attorneys from trial.

{¶13} Decisions relating to the removal and substitution of counsel have been

4

reviewed for an abuse of discretion. *State v. Suntoke,* 5th Dist. Muskingum No. CT2013-0032, 2014-Ohio-1431, ¶ 60. "An abuse of discretion connotes the trial court's '"failure to exercise sound, reasonable, and legal decision-making."'" *State v. Moore,* 11th Dist. Geauga No. 2014-G-3195, 2014-Ohio-5183, ¶ 54, quoting *State v. Beechler,* 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). To the extent that resolution of the issues raised by Bair involves interpretation and application of the right to counsel under the Sixth Amendment, "[w]e review constitutional questions de novo because they are questions of law." *State v. Wolford-Lee,* 11th Dist. Lake Nos. 2017-L-122, et al., 2018-Ohio-5064, ¶ 14.

{¶14} The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." "[A]n element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." *Gonzalez-Lopez,* 548 U.S. at 144, 126 S.Ct. 2557, 165 L.Ed.2d 409; *State v. Howard,* 11th Dist. Lake No. 2019-L-153, 2020-Ohio-5057, ¶ 27 ("[i]t is well established that the right to counsel of one's choice is an essential element of the Sixth Amendment right to have the assistance of counsel for one's defense") (citation omitted).

{¶15} While there is limited authority in Ohio specifically addressing the number of counsel one is entitled to have at trial, it is common practice for defendants to hire and be represented by multiple attorneys, particularly in matters of complexity or those involving serious criminal charges. As the courts found in *Chambliss* and *Gonzalez-Lopez, supra,* the potential benefit of having multiple attorneys is a significant consideration. *See also State v. Williams,* 3d Dist. Logan No. 8-18-06, 2018-Ohio-3615,

5

¶ 13 (noting as a factor weighing against defendant's motion to withdraw a plea that he was afforded representation by multiple attorneys). While it has been recognized that the United States Supreme Court has "not weighed in on" whether the right to counsel of choice applies to second or secondary counsel, *Abby v. Howe*, 742 F.3d 221, 228 (6th Cir.2014), some federal courts have held that a defendant who wishes to have the representation of multiple attorneys must be afforded that opportunity in the absence of a valid justification for its denial. For example, in *United States v. Laura,* 607 F.2d 52 (3d Cir.1979), the court reversed the dismissal of one of the defendant's two attorneys and found the fact that she continued to have one attorney available to represent her insufficient to justify the court's order: "By the time of her hearing, [the defendant] had a defense team composed of two attorneys who may have served distinct and important functions on her behalf. As she wished to retain both attorneys we can only presume that she felt that she needed both attorneys. That choice is hers to make and not the court's, unless some appropriate justification for the dismissal is provided." *Id.* at 58. *Also Rodriguez v. Chandler*, 492 F.3d 863, 864-865 (7th Cir.2007) (finding the "state's theory that one 'counsel of choice' is enough" lacked merit).

{¶16} Here, Bair chose to hire counsel and was represented by two attorneys throughout the course of the proceedings, including through discovery, plea discussions, and all stages leading up to the trial. The court's order prevented him from utilizing the attorneys he chose to the full extent at trial, since only one attorney would be permitted to be present at counsel table at a time. This would prohibit consultation of both attorneys with Bair and each other during a critical stage of the proceedings. While counsel was not "removed," it cannot be said that the court's ruling did not significantly impact Bair's

right to have counsel of his choosing represent him.

{¶17} However, "[t]hough fundamental, the constitutional right to one's counsel of choice is not absolute." *Howard*, 2020-Ohio-5057, ¶ 27, citing *State v. Ross*, 2018-Ohio-3524, 108 N.E.3d 1247, ¶ 6 (9th Dist.). Trial courts have "wide latitude in balancing the right to counsel of choice against the needs of fairness[,] * * * the demands of its calendar" and the "public's right to prompt, orderly and efficient administration of justice." *Gonzalez-Lopez*, 548 U.S. at 152, 126 S.Ct. 2557, 165 L.Ed.2d 409; *Suntoke*, 2014-Ohio-1431, at ¶ 59. We further recognize the duty imposed upon a trial court judge to maintain a safe courtroom, another consideration it must weigh in its decision-making. *See State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 54 (noting, in the context of threats by spectators, "the trial court's interest in maintaining courtroom security and protecting witness safety"). In light of COVID-19, it has been held that "a judge's priority must be the health and safety of court employees, trial participants, jurors, and members of the public entering the courthouse" and courts have been required to "ensure that scrupulous safety practices are followed * * *." *In re Disqualification of Fleegle*, 161 Ohio St.3d 1263, 2020-Ohio-5636, 163 N.E.3d 609, ¶ 8. It has been noted, however, that "a pandemic does not present the government with a 'blank check' to deny constitutional rights." (Citation omitted.) *Southwestern Ohio Basketball, Inc. v. Himes*, 2021-Ohio-415, ___ N.E.3d ___, ¶ 36 (12th Dist.).

{¶18} In the present matter, when weighing the fundamental right to be represented by counsel of one's choice with the trial court's power to regulate its docket and provide a safe courtroom, we do not find that the court properly exercised its authority in preventing Bair from having two attorneys at the counsel table. As outlined above,

having both attorneys present can provide an advantage to Bair. We do not question the lower court's motives in seeking to provide a safe courtroom environment. However, given its recognition that 20 individuals would be present in the courtroom during trial, the presence of one additional person, who plays a significant role in the trial, would likely present little additional risk to those in the courtroom. While COVID has certainly altered the way courts have performed their duties in the past year, precautions asserted to be necessary under COVID should never be allowed to interfere with constitutional rights of defendants. This is particularly of significance here when the defendant faced a substantial deprivation of liberty and life-long consequences if convicted of Rape.

{¶19} We would observe that the trial court's ruling stated that it did not prevent "the primary trial counsel from having the assistance of another attorney" although allowing only one attorney at counsel table at a time. The State argues that the attorneys were able to switch places and the order did not prohibit counsel from "virtual observation of the trial from the outside of the courtroom." However, this would arguably prevent the attorneys from strategizing and conferring and it is unclear whether the court would be receptive to allowing counsel to switch back and forth between witnesses or make other accommodations which would allow decisions to be made as if both counsel were physically present at the table. As such, we do not find this evades application of the principles discussed extensively above relating to the choice of counsel.

{¶20} Given these considerations, we reverse the decision to allow only one defense attorney to be present at the counsel table and find that Bair was denied the ability to be represented by counsel of his choosing. Since denial of the right to choose one's counsel is structural error, reversal is warranted. *Chambliss*, 128 Ohio St.3d 507,

8

2011-Ohio-1785, 947 N.E.2d 65, at ¶ 18. Provided this matter goes forward to trial on remand, we order that the lower court permit Bair to have both attorneys physically present at the counsel table for the entirety of the trial.

{¶21} The sole assignment of error is with merit.

{¶22} For the foregoing reasons, we reverse the judgment of the lower court denying Bair's motion to have both attorneys present at the counsel table during trial and remand for further proceedings consistent with this opinion. Costs to be taxed against appellee.

MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.